STATE *v.* JOHN HURLEY.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and POWERS, JJ.

Opinion filed May 21, 1906.

To constitute an attempt to commit a crime, the act must be of such a character as to advance the conduct of the actor beyond the

sphere of mere intent. It must reach far enough towards accomplishment of the desired result to amount to the commencement of the consummation.

The mere facts that a prisoner lawfully in jail arranged for procuring saws adapted to jail breaking, and thereby got them into his possession, with the intent therewith to break open the jail for the purpose of escaping, did not constitute an attempt to break jail.

INFORMATION for an attempt to break out of a common jail. Plea, not guilty. Trial by jury at the December, Term, 1905, Windsor County, *Miles,* J., presiding. Verdict guilty; and judgment thereon. The respondent excepted. The respondent also demurred to the information. Demurrer overruled, and information adjudged sufficient, to which respondent excepted. Exception ordered to lie. The opinion states the case. The information charged only:

"That the said John Hurley at Woodstock in said County, heretofore, to wit, on the first day of November, 1905, with force and arms, he the said John Hurley being then and there confined by the authority of the State of Vermont, in the common jail within and for the County of Windsor aforesaid, as a prisoner therein, did then and there feloniously attempt to break open said jail by then and there procuring to be delivered into his hands in said jail twelve hack saws, with the intent then and there with said hack saws, then and there to break open said jail."

*Gilbert A. Davis* for the respondent.

*Charles Batchelder,* State's Attorney, for the State.

An act adapted to accomplish the crime is an attempt. I Bishop, New Crim. Law, 765; *Graham* v. *People,* 181 Ill. 477; *Griffin* v. *State,* 26 Ga. 493.

MUNSON, J.  The respondent is informed against for attempting to break open the jail in which he was confined by procuring to be delivered into his hands twelve steel hack saws, with an intent to break open the jail therewith.  The State's evidence tended to show that in pursuance of an arrangement between the respondent and one Tracy, a former inmate, Tracy attempted to get a bundle of hack saws to the respondent by throwing it to him as he sat behind the bars at an open window, and that the respondent reached through the bars and got the bundle into his hands, but was ordered at that moment by the jailor to drop it, and did so. The Court charged in substance that if the respondent arranged for procuring the saws and got them into his possession, with an intent to break open the jail for the purpose of escaping, he was guilty of the offence alleged.  The respondent demurred to the information and excepted to the charge.

Bishop defines a criminal attempt to be "an intent to do a particular criminal thing, with an act toward it falling short of the thing intended."    2 Cr. Law § 728.  The main difficulty in applying this definition lies in determining the relation which the act done must sustain to the completed offence. That relation is more fully indicated in the following definition given by Stephen: "An attempt to commit a crime is an act done with intent to commit that crime, and forming part of a series of acts which would constitute its actual commission if it were not interrupted."  Dig. Cr. Law 33.  All acts done in preparation are, in a sense, acts done toward the accomplishment of the thing contemplated.  But most authorities certainly hold, and many of them state specifically, that the act must be something more than mere preparation. Acts of preparation, however, may have such proximity to the place where the intended crime is to be committed, and

such connection with a purpose of present accomplishment, that they will amount to an attempt.  See note to *People* v. *Moran,* 20 Am. St. 741; *People* v. *Stites,* 75 Cal. 570; *People* v. *Lawton,* 56 Barb. 126.

Various rules have been formulated in elucidating this subject.  Some acts toward the commission of the crime are too remote for the law to notice.  The act need not be the one next preceding that needed to complete the crime.  Preparations made at a distance from the place where the offence is to be committed are ordinarily too remote to satisfy the requirement.  1 Bish. Cr. Law, §§ 759, 762 (4) 763.  The preparation must be such as would be likely to end, if not extraneously interrupted, in the consummation of the crime intended.  3 A. & E. Ency. Law, 2 Ed. 266, n. 7.  The act must be of such a character as to advance the conduct of the actor beyond the sphere of mere intent.  It must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.  *Hicks* v. *Com.,* 86 Va. 223.

But after all that has been said, the application is difficult.  One of the best known cases where acts of preparation were held insufficient is *People* v. *Murray,* 14 Cal. 159, which was an indictment for an attempt to contract an incestuous marriage.  There the defendant had eloped with his niece with the avowed purpose of marrying her, and had taken measures to procure the attendance of a magistrate to perform the ceremony.  In disposing of the case Judge Field said: "Between preparation for the attempt and the attempt itself, there is a wide difference.  The preparation consists in devising or arranging the means or measures necessary for the commission of the offence; the attempt is the direct movement toward the commission after the preparations are made."

Mr. Bishop thinks this case is near the dividing line, and doubts if it will be followed by all courts.    I Cr. Law, § 763 (3).    Mr. Wharton considers the holding an undue extension of the doctrine that preliminary preparations are insufficient.    Cr. Law, § 181 n.    But the case has been cited with approval by courts of high standing.

The exact inquiry presented by the case before us is whether the procurement of the means of committing the offence is to be treated as a preparation for the attempt, or as the attempt itself.    In considering this question it must be remembered that there are some acts, preparatory in their character, which the law treats as substantive offences; for instance, the procuring of tools for the purpose of counterfeiting, and of indecent prints with intent to publish them. Comments upon cases of this character may lead to confusion if not correctly apprehended.    Wharton Cr. Law, § 180 and n. I.

The case of *Griffin* v. *The State,* 26 Ga. 493, cited by the respondent, cannot be accepted as an authority in his favor.    There the defendant was charged with attempting to break into a storehouse with intent to steal, by procuring an impression of the key to the lock and preparing from this impression a false key to fit the lock.    The section of the penal code upon which the indictment was based provides for the indictment of any one who "shall attempt to commit an offence prohibited by law, and in such an attempt shall do any act toward the commission of such offence. * *"  The Court considered that the General Assembly used the word "attempt" as synonymous with "intend" and that the object of the enactment was to punish "intents," if demonstrated by an act.    The Court cited *Rex* v. *Sutton,* 2 Str. 1074, as a strong authority in support of the indictment.    There, the prisoner was con-

victed for having in his possession iron stamps, with intent to impress the sceptres on sixpences. This was not an indictment for an attempt, but for the offence of possessing tools for counterfeiting with intent to use them. The Georgia Court, by its construction of the statute, relieved itself from the distinction between "attempts" and crimes of procuring or possessing with unlawful intent.

The act in question here is the procuring by a prisoner of tools adapted to jail breaking. That act stands entirely unconnected with any further act looking to their use. It is true that the respondent procured them with the design of breaking jail. But he had not put that design into execution, and might never have done so. He had procured the means of making the attempt, but the attempt itself was still in abeyance. Its inauguration depended upon the choice of an occasion and a further resolve. That stage was never reached, and the procuring of the tools remained an isolated act. To constitute an attempt, a preparatory act of this nature must be connected with the accomplishment of the intended crime by something more than a general design.

*Exceptions sustained, judgment and verdict set aside, demurrer sustained, information held insufficient and quashed, and respondent discharged.*