# State of Vermont v. Bernard Woodmansee

[ 205 A.2d 407 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Brooks, Supr. J.

Opinion Filed December 1, 1964

*Charles E. Gibson, Jr.,* Attorney General, *Chester S. Ketcham,* Deputy Attorney General, *John J. Boylan, Jr.,* State's Attorney, and *Albert D. Pingree* on the brief, for the State.

*Joseph C. McNeil* for Respondent.

**Barney, J.** The respondent was brought to trial on a five count information. In the middle of the fifth day of a six day trial, near the close of the State's case, the prosecutor moved to nol pros counts two and five, and to amend count three, of the information. These motions were granted over the strenuous objections of the respondent, and his motion for directed verdicts of acquittal on the nol prossed counts two and five was denied. The trial then proceeded, and at the close of the State's case the respondent moved for directed verdicts of acquittal on the remaining counts one, three and four. Upon denial of these motions the respondent then moved for a mistrial on the ground that publicizing of the State's arraignment of three witnesses appearing in the trial for perjury during the course of the trial was bound to have reached the jury and prejudice their deliberations. This motion was also denied. The case was submitted on counts one, three and four. The jury returned a verdict of "not guilty" on count one, and "guilty" on counts three and four, count three being the amended count. The respondent moved to set aside the guilty verdicts on counts three and four and enter up a judgment of acquittal, on the grounds that the evidence was insufficient to support the verdicts as a matter of law. The court denied the motions. This appeal followed.

The respondent takes the position that he is entitled to a judgment of acquittal with respect to the nol prossed counts of the information. Otherwise, he says, he may be placed in jeopardy a second time on those two charges, in violation of his constitutional rights. He refers to the prohibition against double jeopardy in the Fifth Amendment of the United States Constitution, since the Vermont Constitution contains no such prohibition. Equivalent protection is given in this state under the common law rule, however. *State* v. *O'Brien,* 106 Vt. 97, 104, 170 Atl. 98.

This is a constitutional question, not to be unnecessarily reached. *Donoghue* v. *Smith,* 119 Vt. 259, 268, 126 A.2d 93. *Autrefois* convict (or acquit) is a complete defense to a second action. As yet, there is no second action to raise the issue, and there may never be. If a nol pros at this point in the trial does bar a second proceeding, a judgment of acquittal adds nothing. If, on the other hand, common and constitutional law permit a second prosecution after a nol pros

under the circumstances of this case, a judgment would raise a bar where none existed, to the prejudice of the rights of the State. To repeat a colorful phrase appearing in *Winter* v. *Unaitis,* 123 Vt. 372, 375, 189 A.2d 547, the respondent "struck too soon" and cannot prevail on this claim at this time.

To make clear the contentions of both sides with respect to the amendment allowed during the trial, the language of count three in its original form, of count four and of count three after amendment is reproduced below. These were the counts upon which verdicts of guilty were returned.

## COUNT III

Be it remembered, that John J. Boylan, Jr., State's Attorney within and for said County of Chittenden, comes here into open Court in his proper person, and, upon his oath of office, gives said Court to understand and be informed that Bernard Woodmansee of Burlington in said County of Chittenden, on to wit: the 16th day of November, 1963, at said South Burlington in said County of Chittenden, did then and there in the nighttime, and with the intent to commit larceny therein, feloniously break and enter the building known as Bob's Spaghetti House, Inc., located at 2026 Williston Road, South Burlington, County of Chittenden, and personal property the subject of larceny was then and there situated. All in violation of Section 1201, Title 13. V.S.A.

## COUNT IV

Be it remembered, that John J. Boylan, Jr., State's Attorney within and for said County of Chittenden, comes here into open Court in his proper person, and, upon his oath of office, gives said Court to understand and be informed that Bernard Woodmansee of Burlington in said County of Chittenden, on to wit: the 16th day of November, 1963, at said South Burlington in said County of Chittenden, did then and there place and distribute inflammable and combustible material in the unoccupied dwelling house situated in the second story of the building known as Bob's Spaghetti House, Inc., located at 2026 Williston Road, South Burlington, County of Chittenden, in preparation with the intent to wilfully and maliciously set fire to or burn the same in violation of Section 509, Title 13, V.S.A. and Section 501, Title 13, V.S.A.

The amendment to count three, in place of the language following "did then and there in the nighttime," inserted these words:

> Feloniously, willfully and maliciously break and enter the unoccupied dwelling house situated in the second story of the building known as Bob's Spaghetti House, Inc., located at 2026 Williston Road, in which personal property, the subject of larceny, was situated, with the intent to commit a felony, to wit: arson, all in violation of Section 1201, Title 13, V.S.A.

The respondent's position is based on strong policy. As *State* v. *Rouillard,* 107 Vt. 487, 489, 180 Atl. 890 says, the respondent is entitled to have an information "reasonably indicate the exact offense so as to enable the respondent to make intelligent preparation for his defense." This policy is underscored by constitutional provisions, state and federal, giving to a respondent the right to know the nature of the charges against him. *U. S. Const., Amendment VI; Vt. Const., Ch. I, Art. 10.* Liberality of amendment, such as that mentioned in *State v. Pelletier,* 123 Vt. 271, 273, 185 A.2d 456, can be exercised only at times or under conditions giving full protection to this constitutional right.

Certainly here the objection is technical. Taking original counts three and four together, the respondent can hardly have failed reasonably to have apprehended the nature of the offenses with which he was charged. But, technical or not, this is an area of constitutional sensitivity. The form of the charge is the responsibility of the prosecuting authority. It is not unjust to hold that authority strictly accountable for substantive shortcomings in its pleadings.

To transmute the test to a subjective issue of the respondent's understanding of a defective charge would place the constitutional purpose in danger. Authoritarian caprice, against which the whole structure of constitutional law was erected as a barrier, could begin again to outflank our objectives of justice and fair dealing. Since the substantive change in count three was made after five days of trial, during which time the principal part of the State's case was put in evidence, allowance of that amendment ought to have been conditioned on a new trial on that count. We must, therefore, impose that condition here.

During the course of the trial, but after it had been recessed for the day, and in the absence of the jury, three witnesses, called by the State as part of its case, were arraigned for perjury. The matter received considerable local publicity. The respondent moved for a mistrial on that account.

■ The jury had not been kept together while court was not in session. Although no evidence was introduced to show that this event reached any member of the jury, the news was certainly widespread in the community. The difficulty with the respondent's claim of prejudice is that it stems from his own insistence that the jury be allowed to separate. Having dispensed with this protection, he cannot now overcome, by argument alone, the presumption that the jury obeyed the directions of the trial court that they avoid all matters that might touch upon their ability to hear the evidence and render a verdict impartially. The motion for a mistrial was properly denied. Compare *Bellows Falls* v. *State Highway Board,* 123 Vt. 408, 190 A.2d 695.

■ The respondent also claims that the evidence under count four was insufficient to support a conviction of an attempt to commit arson. Since the respondent did not take the stand nor offer witnesses in his own behalf, the testimony all came from witnesses called by the State. This evidence had the respondent, at about two o'clock in the morning, in company with another, carrying a jug of some kind from an automobile into an empty second-floor apartment of which he was neither owner nor tenant. Seconds later he was discovered there, kneeling in the middle of the kitchen floor, matches in hand, together with a cone-shaped roll of newspaper, with a jar of paint thinner beside him and in the presence of a strong odor of gasoline, while the apartment was in darkness. *State* v. *Hurley,* 79 Vt. 28, 31, 64 Atl. 78 gives as a test the rule that the preparation must be such that, if not extraneously interrupted, it would be likely to end in the consummation of the crime intended. Here, the striking of a match would have, on the evidence, consummated the crime. That evidence, therefore, amply supported the submission of the charged attempt to the jury.

The same motion for a directed verdict was made in connection with the submission of the amended count three to the jury. Since the respondent is entitled to a retrial on that count, the propriety of that motion is not now at issue.

However, a question was raised in connection with that motion which will very probably arise in some form on retrial. Entrance was gained to the apartment by means of a key, and we are constrained to point out that, in view of the doctrine of *State* v. *Lapoint,* 87 Vt. 115, 119, 88 Atl. 523, possession and use of a key does not necessarily avoid the charge of breaking, any more than does the pushing open of a partially opened door. Permission and purpose are at issue, all as affected by the presence of the felonious intent which is a statutory part of the crime charged. Further determination of these issues must await review of a proceeding in which they are properly before this Court. See *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390.

*Judgment and sentence on count three, as amended, is set aside and a new trial ordered; judgment and sentence on count four is affirmed, let execution be done.*