### State of Vermont v. James M. Morse

[286 A.2d 286]

No. 55-71

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 7, 1971

*Frank G. Mahady,* State's Attorney, and *Paul F. Hudson,* Deputy State's Attorney, for the State.

*Palmer D. Ainsworth,* Springfield, for Defendant.

**Holden, C.J.** The defendant was tried by jury and convicted of the crime of an attempt to escape from custody at the Vermont State prison at Windsor on August 20, 1970. He presents this appeal to challenge the rulings of the trial court in denying his motion for a directed verdict. He also assigns error to the court's refusal to set the verdict aside.

The defendant was in confinement at the time of the alleged offense under sentence for murder in the second degree. A detail of inmates, with a guard escort, was engaged in collecting garbage and refuse for removal by truck and transport outside the prison area. The defendant had not been assigned to this task. While the truck was halted at the last pickup station, before departing through the prison sally port, the accused was emptied out of a large refuse barrel, along with its contents, onto the truck's tail gate. One of the guards who was escorting the truck testified the defendant, when discovered, ". . . was curled in a ball sort of and I spoke to him I think three times before he acknowledged I had seen him." After this event, the truck did depart through the prison gates on its assigned mission.

Such is the substance of the presentation upon which the State rested its case. The defense offered no evidence. Against the defendant's objection to the denial of his motion for a directed verdict, the case was submitted to the jury. A verdict of guilty was returned in short time.

■■ The offense of an attempt to escape from lawful confinement is committed when an act is done with intent to gain release from custody and the performance of that act is part of a series of events which would lead to the intended result if not interrupted. *State* v. *Hurley,* 79 Vt. 28, 30, 64 A.78 (1906). This rule of law is in keeping with the statute relating to attempted offenses, generally. 13 V.S.A. § 9. See *State* v. *Harrington,* 128 Vt. 242, 260 A.2d 692, 697 (1970). The State's evidence is persuasive and the inference compelling beyond conjecture that, had the defendant's concealment gone undiscovered, he would have departed from the prison gates and escaped from confinement. Since the evidence established all of the elements essential to constitute the offense of an attempted escape, the motion for a directed verdict was properly denied. *State* v. *Woodmansee,* 124 Vt. 387, 391, 205 A.2d 407 (1964).

The defendant argues that the proof against him is entirely circumstantial; hence it was incumbent on the State to produce evidence to exclude every reasonable hypothesis consistent with innocence. He relies on *State* v. *Foss,* 110 Vt. 453, 458, 8 A.2d 648 (1939), where the concern of the Court was the sufficiency of the total circumstances to establish the incendiary origin of a farm fire. The identity of the defendant at the scene was uncertain and doubtful. The same measure of proof was applied in a prosecution for petit larceny where the defendant's possession of the complainant's overcoat was attributable to a mistaken exchange at a restaurant coatrack. *State* v. *Levy,* 113 Vt. 459, 461, 35 A.2d 853 (1944). The Court's opinions in these cases merely affirm the fundamental doctrine that the conviction of a criminal offense cannot stand if based on mere conjecture or suspicion. Furthermore, the evidence of guilt was not founded entirely on circumstance. See *State* v. *Tatko,* 119 Vt. 459, 465, 128 A.2d 663 (1957); *State* v. *Woolley,* 109 Vt. 53, 59, 192 A. 1 (1937).

The verdict under test in this appeal has deeper roots. The identity of the accused was direct and certain. His hidden presence along the route of the truck's departure was not accounted for by any purpose other than the obvious design to effect escape from confinement. Since there is nothing to lighten the weight of the evidence in aid of reasonable doubt, the motion to set the verdict aside, as contrary to the evidence, was correctly denied. *State* v. *Pierce*, 103 Vt. 383, 387, 154 A. 675 (1931).

*Judgment affirmed.*