## State of Vermont v. Henry C. Hastings

[330 A.2d 87]

No. 111-72

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 12, 1974

*Kimberly B. Cheney,* Attorney General and *William T. Keefe,* Assistant Attorney General, for the State.

*Robert Edward West,* Defender General and *Gregory A. McKenzie,* Deputy Defender General, for Defendant.

Shangraw, C.J. (Ret.), Assigned. The respondent, Henry Hastings, was charged by information with disturbing the peace by use of the telephone pursuant to 13 V.S.A. § 1027. He was tried by jury and found guilty of eleven counts of violating 13 V.S.A. § 1027 in the District Court of Vermont, Unit No. 3, Lamoille Circuit.

Conviction under the statute requires a tripartite showing of the basic elements. The prosecution must present evidence demonstrating the use of a telephone by one who, with an intent to terrify, intimidate, threaten, harass, or annoy, makes a *request, suggestion,* or *proposal* which is obscene, lewd, lascivious, or indecent; or threatens to inflict injury or physi-

cal harm; or disturbs the peace and privacy of any person by repeated anonymous telephone calls. Since the statute is written in the disjunctive, the prosecution must specifically select the act or acts which make up the crime so that the defendant can be sufficiently apprised of the charges against which he must defend.

The criminal complaint is drafted in strict conformity with the language in 13 V.S.A. § 1027. As a result, the complaint fails to allege the specific language which conveyed the obscene proposal, suggestion, or request. This Court has long held that one charged with a crime has the right, secured by ch. I, art. 10 of the Vermont Constitution, to know the cause and nature of the accusation, which requires that the charge be set forth with such particularity as will reasonably indicate the exact offense with which he is charged. *State* v. *Ryea,* 97 Vt. 219, 122 A. 422 (1923). Consequently, the Court notes its agreement with *State* v. *Drake,* 325 A.2d 52, 54 (Me. 1974), where that court stated that the criminal complaint must do more than merely recite the statutory language in order to inform the defendant and the court of the conduct or language supposedly amounting to a breach of the peace. In all criminal prosecutions the accused must be informed of his alleged criminal conduct so that he will be able to make intelligent preparation for his defense. *State* v. *Ciocca,* 125 Vt. 64, 71, 209 A.2d 507 (1965). Otherwise the complaint is insufficient, as it is here.

The Court is mindful of the distinct nature of breach of the peace complaints which mandates that the background and circumstances which attend the offense be specified. *State* v. *Sanderson,* 123 Vt. 214, 216, 185 A.2d 730 (1962). It is especially important that the criminal complaint allege essential facts of the offense since without the specific language, the court cannot determine whether the language is offensive or whether it is constitutionally protected speech in the context in which it was uttered.

The Court observes that the conduct described throughout the trial by testimony offered by the prosecution more appropriately fits the offense contained in § 1027 which relates to the making of repeated anonymous telephone calls for purposes of annoyance and harassment. The making of a request,

suggestion, or proposal which is obscene, lewd, lascivious, or indecent is applicable to a situation of sexual solicitation. The Legislature by its enumeration of three separate and distinct forms of breach of the peace by means of the telephone intended that the State prosecutors utilize the provision on obscene proposals when confronted with a sexual importunity. The section dealing with disturbing the peace by repeated anonymous calls is suitably charged when there is repeated harassment even without sexual overtones or invitations.

Without observing the distinction between sexual effrontery and verbal harassment, which are both brought about by obscene or indecent language, the Court would find itself affirming convictions for conduct which is innocent and even appropriate in its own setting. The Court has taken judicial notice of the widespread and frequent use of profane and vulgar language. *State* v. *Davis*, 132 Vt. 290, 294, 318 A.2d 664 (1974).

Finally, the Court notes that the complaint and the testimony are not in agreement. As the Court said in *State* v. *Coomer*, 105 Vt. 175, 178, 163 A. 585 (1932):

> A respondent is entitled to know before he makes his defense what specific acts of his the State relies upon as constituting the offense charged against him in order that he may properly meet the charge. A conviction cannot be sustained upon a different theory than that on which the case has been tried.

Here the conviction cannot stand when the evidence and even the jury charge make reference to criminal conduct which was not mentioned in the complaint.

*Judgment is reversed and cause remanded. The State may apply on or before January 20, 1975 for leave to amend the information, failing which let judgment on the verdict be arrested.*