### State of Vermont v. Raymond L. Boutin

[346 A.2d 531]

No. 246-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

532

*Dale O. Gray, Esq.*, Essex County Deputy State's Attorney, St. Johnsbury, for State.

*Robert Edward West, Esq.*, Defender General and *Charles S. Martin, Esq.*, Appellate Defender, Montpelier, for Defendant.

**Billings, J.** After trial by jury, Raymond Boutin was tried and convicted in the District Court of Vermont, Unit No. 4, Essex Circuit, under an unartfully drawn officer's complaint, charging simple assault in violation of 13 V.S.A. § 1023(a)(1) in that he did then and there attempt to cause bodily injury to another. The defendant seasonably moved for directed verdicts at the close of the State's case and again at the close of all of the evidence, both of which were denied. He now appeals on the ground that even taking the evidence in the light most favorable to the State, the jury could not have found the defendant guilty beyond a reasonable doubt of attempting to cause bodily injury to another.

The facts disclose that on the evening of August 29, 1973, the defendant and Gary Moore were involved in a scuffle in front of Al's Pizza in Island Pond, Vermont. Following the scuffle, the defendant picked up a bottle from a trash can nearby, while Moore grabbed a rock from the street. Two town constables heard the disturbance and, on investigating, found the defendant and Moore ten feet apart, with the defendant walking towards Moore with the bottle raised over his head and Moore backing away across the street. The constables requested the defendant to put down the bottle, and then the defendant turned on the officers. At no time did the defendant

attempt to strike Moore or to throw the bottle or lunge towards Moore, nor did he ever get in closer proximity than ten feet.

The simple assault statute, 13 V.S.A. § 1023, was amended by the Legislature in 1971, and the part pertinent here reads as follows:

§ 1023. Simple Assault

(a) A person is guilty of simple assault if he:

(1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; . . .

To constitute an attempt to commit a crime, the act must be of such a character as to advance the conduct of the actor beyond the sphere of mere intent. It must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. *State* v. *Hurley*, 79 Vt. 28, 31, 64 A. 78 (1906). Here the holding of a bottle in one hand ten feet from the intended victim does not make it likely to end in the consummation of the crime intended. *State* v. *Woodmansee*, 124 Vt. 387, 391, 205 A.2d 407 (1964). Although equivocal testimony is for the jury's evaluations, there first must be some testimony in a case evidencing criminal conduct as charged and sufficient to justify a finding of guilty beyond a reasonable doubt. Since the evidence failed to establish all of the elements essential to constitute the alleged offense, the trial court should have granted the motion for directed verdict. *State* v. *Morse*, 130 Vt. 92, 94, 286 A.2d 286 (1971).

*Reversed.*