## State of Vermont v. Gail Christman

[370 A.2d 624]

No. 212-75

Present: **Daley, Larrow, Billings and Hill, JJ., and Shangraw (C.J. Ret.), Specially Assigned**

Opinion Filed February 1, 1977

*Dale O. Gray*, Caledonia County State's Attorney, and *David N. Weinstein*, Deputy State's Attorney, St. Johnsbury, for Plaintiff.

*James L. Morse*, Defender General, and *Robert M. Paolini*, Deputy Defender General, Montpelier, for Defendant.

**Larrow, J.** Appellant was convicted below, under an information amended during trial at the close of the State's case, of violating 13 V.S.A. § 3705(c), relating to unlawful trespass, by entering a residence knowing she was not licensed or privileged to do so. She appeals that conviction, claiming that the

amendment, made at the suggestion of the trial judge, severely prejudiced her constitutional right to know the precise charge against her and deprived her of opportunity to intelligently prepare a defense. She seeks reversal of the judgment of guilty, claiming that the charge she was prepared to defend against was substantively changed just before presentation of her defense, depriving her of the judgment of acquittal to which she was entitled.

The factual background of the charged offense is relatively simple. On June 18, 1976, for reasons variously testified to, the appellant admittedly broke down the locked door of the third floor apartment of the complaining witness, one Ainsworth, at 20 Tremont Street in the Village of St. Johnsbury.

The original information charged that she "did then and there enter a residence, to wit, 20 Tremont Street, knowing she was not licensed or privileged to do so." The amendment, made when the trial judge indicated he considered this insufficient to cover the offense of breaking an inside apartment door after entering the common areas of the apartment house legally, added, after the words "20 Tremont Street" the new words "the Deborah Ainsworth apartment located on the third floor thereof which apartment was entered by a wooden doorway." The amendment was allowed, over appellant's objection, to conform to the evidence, and there is no question raised here about such conformity.

■■ Chapter I, Art. 10 of the Vermont Constitution and the Sixth Amendment of the U.S. Constitution confer upon a criminal respondent, in almost identical words, the right to be informed of the cause and nature of the accusation against him. We have examined the nature of that right in many criminal cases dealing with the sufficiency of an information or indictment, and the question of whether an attempted amendment is a prohibited one of "substance" or a permitted one of "form". The constitutional test to which conformity is required has been variously stated, but the essential test is that the complaint or other form of accusation of a criminal offense set forth charges with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense. *State* v. *Margie*, 119 Vt. 137, 120 A.2d 807 (1956); *State* v. *Woodmansee*, 124 Vt. 387, 205 A.2d 407 (1964). As *Woodmansee* points out, this

is not a subjective inquiry as to what the accused actually understood, but a scrutiny of the charge, as made, to determine what offense is reasonably indicated by its language. Since the decisions in the cited cases, however, we have provided for even greater liberality of amendment, so that many amendments formerly barred as being "of substance" are now governed by V.R.Cr.P. 7(d), and permitted "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Cf. Reporter's Notes, V.R.Cr.P. 7(d).

Both express and implicit in the appellant's argument here is that the trial court was correct in requiring the amendment in question as an alternative to granting her motion for directed judgment of acquittal. We do not subscribe to that view. In our judgment, the charge as originally drawn was sufficient to base a conviction, even without aid from V.R.Cr.P. 7(d). The location of the residence in question was alleged, even though the particular door was not. *State* v. *Lebo*, 129 Vt. 449, 282 A.2d 804 (1971), upholding denial of a motion to dismiss where an escape from the Vermont State Prison was charged, and the proof showed escape from the prison farm, a part of the prison, is almost precisely in point. This Court there held the offense to be described with sufficient certainty to intelligently prepare a defense. The holding is even more applicable to the instant case because the affidavit of probable cause, required now by V.R.Cr.P. 4(a) to accompany the information, sets forth specifically the apartment allegedly entered, as well as respondent's admission of entry and stated reason therefor. As a required component of the complaint, fundamental fairness requires that it be read in connection therewith to determine whether the exact offense charged is "reasonably" indicated and sufficient to make possible "intelligent" preparation. So read, we view the constitutional requirements as met by the original complaint.

We are not, therefore, required to determine whether V.R.Cr.P. 7(d) is to be interpreted as permitting the amendment in question had the original allegation failed to meet constitutional standards. But it would appear, on the authority of *State* v. *Lebo, supra*, further bolstered by the affidavit of probable cause, that no new or different offense was charged by the amendment. The charge was still unlawful trespass, under the same statute, the time and place were still the same. The area amended to was merely made more specific, and put within the building. And the substantial rights of the defendant can

scarcely be said to be prejudiced by "surprise" when she admitted the entry in question by pre-trial statement and trial testimony, where the affidavit of probable cause was specific, where no probable cause questions were raised at any time, where the absence of constitutional questions was asserted by her counsel at the omnibus hearing, and when no motion for continuance was made at the time the motion to amend was granted.

The general aspect of this case is one of an attempt to reverse on an insubstantial technicality rather than the presentation of a substantial constitutional question. The general principles enunciated in V.R.Cr.P. 2, of just determination, simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay, are not served thereby. Like their Federal counterparts, our Criminal Rules are designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure. *United States* v. *Debrow*, 346 U.S. 374, 376 (1953).

*Judgment affirmed.*