Reiber, C.J.,
dissenting.
¶ 56. Defendant’s conviction for aggravated sexual assault based on repeated nonconsensual sexual acts should stand. Although the information cited the incorrect statute and contained superfluous information, it provided defendant with *547 notice of all elements of the correct charge. Defendant can point to no way in which he was prejudiced in the preparation and presentation of his defense. He knew all elements of the charge, the jury determined those facts against him, and he was sentenced according to the correct statutory range. Therefore, I would affirm defendant’s conviction and sentence for this charge and dissent from the majority’s reversal.
¶ 57. I concur with the majority’s analysis of the first charge. This dissent solely concerns the second charge listed in the information, which was described as a violation of 13 V.S.A. § 3253a(a)(8) for aggravated sexual assault of a child as part of a common scheme. More particularly, the information provided:
sometime during the period of October 12, 1997 up through and including October 11, 2000, [defendant] engaged in the crime of aggravated sexual assault of a child at a time when the defendant was at least 18 years of age and the victim was under the age of 16 by subjecting the victim to repeated non-consensual sexual acts, consisting of contact between the defendant’s penis and the victim’s vulva, or contact between the defendant’s penis and the victim’s mouth, or any intrusion however slight by the defendant’s hand into the victim’s vagina, as part of the defendant’s common scheme and plan, in violation of 13 V.S.A. § 3253a(a)(8).
The information listed the penalty for the charge as not less than twenty-five years to a maximum term of life and fine of not more than $50,000.
¶ 58. The statutory reference is incorrect. Section 3253a(a)(8) was not enacted until 2009, long after the acts alleged in the information occurred. See 2009, No. 1, § 30.[17] Because the incorrect statutory citation was used, the information also contains unnecessary facts regarding the age of the victim and the defendant and lists a mandatory minimum that was inapplicable to defendant. The question is whether these errors require reversal.
*548 ¶ 59. An information must provide a “plain, concise, and definite written statement of the essential facts constituting the offense charged.” V.R.Cr.P. 7(b). It should also provide a citation to the provision of law allegedly violated, but error in the citation or omission of the citation is not “ground for dismissal of the indictment or information or for reversal of a conviction or any other post-conviction relief if the error or omission did not mislead the defendant to his prejudice.” Id. The purpose of having a clear and concise statement of the charge is to “ensure[ ] that a criminal defendant is provided with sufficient notice to enable the preparation of an effective defense.” In re Carter, 2004 VT 21, ¶ 13, 176 Vt. 322, 848 A.2d 281. In determining whether an information is sufficient, the information is read in conjunction with the affidavit of probable cause. Id.
¶ 60. Therefore, the error here is not fatal if the information provided defendant with notice of all essential elements of the crime and “did not mislead the defendant to his prejudice.” V.R.Cr.P. 7(b); see State v. Christman, 135 Vt. 59, 60, 370 A.2d 624, 625 (1977) (explaining that information is sufficient if it “set[s] forth charges with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense”).
¶ 61. Despite the reference to the incorrect statute, the notice requirement was satisfied in this case.[18] It is immaterial that the statutory citation error appears to have been purposeful rather than inadvertent. The critical inquiry is whether the facts alleged provide all elements of the proper charge. See 1 C. Wright et ah, Federal Practice & Procedure: Criminal § 124 (4th ed. 2016) (explaining that it is facts alleged, rather than statutory citation, that control, “and so if an indictment or information properly alleges an offense it is sufficient, even though the attorney for the government . . . believed that the crime charged was covered by a different statute”). Although the statute cited was not effective at the time of defendant’s alleged acts, the crime of aggravated sexual assault pursuant to repeated nonconsensual sexual acts existed and was properly described in the information. During the *549 period of the acts described in the information, aggravated sexual assault was a crime where “[t]he victim is subjected by the actor to repeated nonconsensual sexual acts as part of the same occurrence or the victim is subjected to repeated nonconsensual sexual acts as part of the actor’s common scheme and plan.” See 1989, No. 298 (Adj. Sess.), § 6. The information set forth all of the essential elements of this charge alleging that defendant had repeatedly sexually assaulted the victim as part of a common scheme and plan. Thus, the description of count two in the information provided defendant with a “plain, concise, and definite written statement of the essential facts constituting” aggravated sexual assault and satisfied Rule 7(b)’s notice requirement. V.R.Cr.R 7(b).
¶ 62. In addition, defendant did not suffer prejudice from the use of the incorrect citation. Certainly, the statutory reference itself was not prejudicial. See State v. Bowers, 673 S.W.2d 887, 888 (Tenn. Crim. App. 1984) (“[T]he erroneous recitation of a statute is mere surplusage and not fatal to the charging instrument.”). The question is whether prejudice resulted from the inclusion of other extraneous information that flowed from the use of the wrong statute. Because the statute cited in the information had an additional element, requiring that the act be committed against a child, the ages of the actor and victim were included in the information. See 18 V.S.A. § 8258a(a). The majority concedes that the superfluous content in the information regarding the ages of the actor and the victim did not require reversal. See State v. Eaton, 191 P.3d 1270, 1274 (Wash. 2008) (explaining that surplus information in charging document does not require reversal unless “it prejudices the accused either by misleading him in making his defense or by exposing him to double jeopardy”) (Johnson, J., concurring). Defendant’s theory at trial was not dependent on his age or that of the victim. Defendant wholly denied the accusation and the trial was about the credibility of the victim’s accusations.
¶ 68. Further, no prejudice resulted to defendant from the fact that the information listed a mandatory minimum of twenty-five years, which was inapplicable to defendant, whose behavior was criminalized by § 8258(a)(9) and not § 8258a(b). There was no actual prejudice because defendant was sentenced under the correct statute and was not subjected to the mandatory minimum. An incorrect statutory citation does not require reversal if “all of the essential elements of the correct statute are otherwise cov *550 ered” and the sentence is imposed under the correct statutory range. United States v. Walker, 557 F.2d 741, 746 (10th Cir. 1977); see Moore v. State, 264 So. 2d 414, 415 (Miss. 1972) (holding that even though indictment cited statute that did not become effective until after alleged crime was committed there was no error where action was criminal prior to statutory change and penalty did not change).
¶ 64. The majority concludes that defendant was nonetheless prejudiced because he could not know with certainty the possible penalty he faced and this “informed all aspects of his defense, including whether to attempt to negotiate a plea deal.” Ante, ¶ 53. This conclusion is faulty for two reasons. First, the possible impact on plea negotiations is not part of the prejudice determination. Prejudice is measured by whether a defendant is able to prepare “an intelligent defense.” State v. Brown, 153 Vt. 263, 272, 571 A.2d 643, 648 (1989); see Christman, 135 Vt. at 60, 370 A.2d at 625 (explaining that test of whether information is sufficient is whether it will enable accused “to make intelligent preparation for his defense”). Here, defendant does not even allege that he was impeded in preparing his defense by the inclusion of the incorrect statutory citation and mandatory minimum sentence. He was put on notice of all elements of the crime alleged, the jury was charged with resolving all necessary elements, and defendant was sentenced under the correct sentencing range.
¶ 65. Second, even if prejudice could be imputed based on the presence or absence of an incentive to accept a plea agreement, there is no such allegation or demonstration in this case. At no time, either before the trial court or on appeal, did defendant allege that he was prejudiced during plea negotiations. Further, it is insufficient for defendant to allege that he subjectively believed that he could receive a mandatory minimum and that caused him to reject the possibility of a plea agreement. Determining prejudice is not subjective. It is an objective inquiry of whether the facts alleged are sufficient to put the defendant on notice of the charge against him. Christman, 135 Vt. at 60, 370 A.2d at 625. “The statute on which an indictment is founded is to be determined from the facts charged in the indictment, and the facts pleaded may bring the offense within one statute, although another statute is referred to in the indictment.” Enzor v. United States, 262 F.2d 172, 174 (5th Cir. 1958). Objectively, the information and accompanying affidavit set forth the elements of *551 aggravated sexual assault pursuant to a common scheme and therefore provided defendant with notice that his conduct was being punished pursuant to 13 V.S.A. § 3253(a)(9). See United States v. Kennington, 650 F.2d 544, 546 (5th Cir. 1981) (rejecting defendant’s argument that he was influenced to plead not guilty and therefore prejudiced by incorrect citation in indictment to statute with maximum five-year sentence where proper charge, which had a higher maximum sentence, was evident from facts in charging information).
¶ 66. Because the information provided defendant with a definite statement of all essential elements of the charge of aggravated sexual assault and he suffered no prejudice from inclusion of the incorrect statutory citation, I would affirm this conviction.

 I agree with the majority’s assessment that retroactively applying § 3253a(a)(8) to defendant would violate the Ex Post Facto Clause of the Federal Constitution because application of the mandatory minimum sentence, which was enacted after defendant’s crimes were committed, would expose defendant to a possibly enhanced penalty.

 Because the information was sufficient as written to put defendant on notice of the charge against him, there was no need to amend the information. Therefore, it is not necessary to reach the question of whether the trial court had authority under Vermont Rule of Criminal Procedure 7 to sua sponte amend the information after trial.