*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-219

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Andrew Stevens | } | DOCKET NO. 1231-9-14 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction, by jury, of attempted sexual assault. He argues that the court erred in denying his motion for a judgment of acquittal. We affirm.

The State presented the following evidence at trial. In August 2014, the complainant attended a large family party. Defendant was also present. The complainant met defendant for the first time that day and spoke to him briefly. Around 11 p.m., the complainant, her cousin, and defendant were talking by a campfire. The complainant decided to go home and said goodbye. As she was walking to her car, defendant appeared behind her and said, "you don't want to leave yet, do you?" The victim was startled and told defendant that she did want to leave. Defendant walked toward her and told her again that "she didn't want to leave." He put his arms tight around her. The complainant told him to stop but defendant did not stop, instead telling the complainant again that she did not want to leave. The complainant tried to get out from his embrace. Defendant then put his hand down her shirt and grabbed her left breast under her bra. With his other hand, he unfastened her belt, unbuttoned her pants, and put his hand down her pants outside of her underwear. She was scared and tightened her legs, trying to prevent defendant from going any further. She thought that she was going to be raped. Defendant pushed the complainant to the ground, and was on top of her, trying to remove her pants. She told him to stop but he continued trying to pull down her pants. The complainant struck defendant in the eye. Defendant then covered her mouth with his hand. She pushed his hand away and screamed "stop." They continued to struggle and then defendant got up and said something like "fuck you" or "forget you," and walked away. The victim got into her car and locked the doors. When her cousin came over to the car, the complainant told him that she had nearly been raped. The complainant later provided a sworn written statement to police. The victim's cousin also testified, as did several law enforcement officers. Defendant told the officers inconsistent stories about what had occurred. He acknowledged to police, however, that he went to talk to the complainant "to try to have sex with her."

At the close of the State's case, defendant moved for a judgment of acquittal. He argued that there was no evidence that he had encroached on the complainant's vaginal area, and thus that the State had failed to show that a sexual assault was imminent. The court denied the motion. Defendant did not put on any evidence. The jury found defendant guilty, and this appeal followed.

Defendant asserts that the court erred in denying his motion for judgment of acquittal. He acknowledges that there is evidence that he wanted to have sex with the complainant, that he touched her breast, and that he had his hand down her pants touching her thigh. Other than undoing her belt and unbuttoning her pants, defendant contends that there is no evidence that he unzipped her pants or tried to remove them. Because he failed to put his hand under her underwear, defendant argues that he cannot be guilty of attempted sexual assault.

"The standard of review for denial of a V.R.Cr.P. 29 motion for judgment of acquittal is whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Delisle, 162 Vt. 293, 307 (1994) (citation and alterations omitted). The evidence supports the jury's verdict here.

To establish defendant's guilt, the State needed to prove that defendant intended to commit sexual assault and did an overt act toward the commission of that crime. See 13 V.S.A. § 3252(a); id. § 9(a) (attempt includes committing act towards commission of crime); State v. Synnott, 2005 VT 19, ¶ 22, 178 Vt. 66. "The act must advance the actor's conduct beyond mere intent, and reach far enough toward accomplishing the desired result to amount to the commencement of the consummation." Synnott, 2005 VT 19, ¶ 22 (quotation and alteration omitted). "[O]nce the actor has committed the requisite overt act, the offense is complete, and abandonment of the enterprise does not negate guilt." Id. Sexual assault includes "any intrusion, however slight, by any part of a person's body . . . into the genital . . . opening of another," 13 V.S.A. § 3251(1), without the other person's consent. Id. § 3252(a)(1).

In Synnott, we found sufficient evidence to support an attempted sexual assault conviction where the defendant pushed the victim down, fondled her, removed her shirt and bra, removed his clothing, ground his crotch against hers, tried to remove her pants, and squeezed her throat. 2005 VT 19, ¶ 23. We reached a similar conclusion in State v. Goodhue, where the evidence showed that the defendant threw the victim to the floor, got on top of her, tried to put his hand down her pants, ripped her shirt, and unbuttoned her pants. 2003 VT 85, ¶¶ 2, 6, 175 Vt. 457.

We are faced with similar facts here. As reflected above, the evidence showed that defendant approached the complainant and embraced her tightly. He then began untoward sexual advances, including touching her bare breast. Defendant unbuttoned the complainant's pants, took off her belt, and put his hand down her pants. He was on top of the complainant, trying to remove her pants. The fact that defendant did not succeed in putting his hand under the complainant's underwear and touching her vagina does not absolve him of guilt. The jury could view his acts as steps toward inserting his finger in the complainant's vagina, a sexual assault. It could also conclude that defendant sought to have sexual intercourse with the complainant. This case is not like State v. Boutin, 133 Vt. 531, 533 (1975), cited by defendant. In that case, we found insufficient evidence to show that the defendant attempted to cause bodily injury to another where he was holding a bottle in an upraised hand, ten feet away from the victim. We concluded that this

act was not "of such a character as to advance the conduct of the actor beyond the sphere of mere intent." Id. The same cannot be said of the instant case. It is evident here that defendant's "actions had advanced from mere intent to the commencement of the consummation of a sexual assault." Goodhue, 2003 VT 85, ¶ 6 (quotation marks omitted). Because the evidence supports the jury's verdict, defendant's motion for a judgment of acquittal was properly denied.


Affirmed.

BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice