The State of Vermont v. The Vermont Central Railroad Company.

*Information against a railroad company for neglect to ring bell &c.*

In an information against a railroad company, a description of the respondent by name, and as " a corporation existing under and by virtue of the laws of this state, duly organized and doing business," is a sufficient allegation that it is a corporation *in esse.*

The time and place, when and where their existence commenced, need not be averred.

The information (*q. v.*) in the present case, against the respondents, (a railroad corporation) for unreasonably neglecting to ring a bell, or blow a steam whistle when crossing a public road with their engines, &c.; *held* sufficient.

INFORMATION by the state's attorney against the respondents for unreasonably neglecting to ring a bell, or blow a steam whistle while crossing with their locomotives and cars, a public road in the village of Windsor, to which information the respondents demurred. The county court, December Term, 1855,—UNDERWOOD, J., presiding,—overruled the demurrer, and adjudged the information sufficient, to which the respondents excepted.

The information charged " that the Vermont Central Railroad Company, a corporation existing under and by virtue of the laws of this state, duly organized and doing business, now and for a long time hitherto, to wit five years, having, owning and using a railroad, and thereon running and using locomotive engines and cars during all the time aforesaid, which said railroad in part has, during all the time aforesaid been situated, located, and passing in and through the village of Windsor, in the town of Windsor, in said

county of Windsor, and crossed a public road in said village of Windsor, known and called Everett street, on the same grade as and with said street, heretofore to wit, on the twenty-first day of July, in the year of our Lord eighteen hundred and fifty-four, run and caused to be run a locomotive engine, and cars thereto attached, with great speed, to wit, at the rate of thirty miles per hour, along and upon said railroad within the said village of Windsor, and therewith then and there, at the speed aforesaid, crossed the said Everett street, on the grade aforesaid, and the said Vermont Central Railroad Company did not, while running and causing to be run said locomotive engine and cars along and upon said railroad, within said village of Windsor, and therewith crossing said Everett street as last aforesaid, ring or cause to be rung any bell upon said locomotive engine within the distance of eighty rods of the place where the said railroad then and there crossed said street as last aforesaid, nor keep or cause to be kept said bell ringing until said locomotive engine had then and there crossed said street, as last aforesaid, nor was the steam-whistle upon or connected with said locomotive engine blown within eighty rods of said place where said railroad crossed said Everett street, while said locomotive engine and cars were then and there running along and upon said railroad, and crossing said Everett street in the manner last aforesaid. And so in manner last aforesaid the Vermont Central Railroad Company, on the said twenty-first day of July, A. D. 1854, to wit, at Windsor aforesaid, unreasonably neglected to ring a bell upon said locomotive engine, and unreasonably neglected to blow a steam-whistle upon said locomotive engine within the distance of eighty rods of the place where said railroad then and there crossed said Everett street, and until said locomotive engine had then and there crossed said street, contrary to the form of the statute in such case provided, and against the peace and dignity of the state."

*Peck & Colby* for the respondents.

The information is fatally defective. The company have no legal existence except by force of a charter, and organization under it; and these facts must be alleged. It is not enough to describe it as a legally existing corporation; *State* v. *Vt. C. R. Co.*; Wash. Sup. C. Circuit T. 1853; *State* v. *Mead,* 27 Vt. 722.

In the case first named, it being an indictment for neglecting to put up sign-boards at crossings, the description of the respondent was " a corporation duly chartered and incorporated by the leg-" islature of the state of Vermont at their session holden, &c ; and " afterwards on the      day of            in pursuance of their " charter aforesaid, located their said railroad, &c." But the indictment was held bad, for omitting to allege an acceptance of the charter.

No time is stated *when* the corporation became such. Time and place should be *alleged* with certainty of every material fact; Archibold Crim. Plead. 37, 38.

It is not alleged that the train was *approaching* the crossing when they omitted to ring the bell.

No offence is committed by not ringing the bell or blowing the steam whistle ; but the offence consists in *unreasonably* neglecting and refusing to do so. The information contains no allegation that the respondents *unreasonably* neglected, &c. This omission is fatal.

The allegation is, " and the Vt. Cent. R. Co. did not ring, or cause to be rung a bell, &c. Nor was any steam whistle blown, &c."

" Nor was the steam whistle blown," is no averment that the company did unreasonably neglect and refuse to blow a steam whistle.

" And so in manner aforesaid, the said company unreasonably neglected to ring a bell, &c ; and unreasonably neglected to blow a steam whistle," is not an *averment,* but a conclusion drawn from the previous statements.

If these words constitute an averment, the information is bad, because the statute does not impose the duty of ringing the bell, and blowing the whistle at one and the same time. The allegation is that the company did not do *both, non constat* but one or the other was done, which would answer the statute.

*J. Barrett,* state's attorney, for the prosecution.

The opinion of the court was delivered by

BENNETT, J. The indictment in this case is predicated upon the *neglect* of the company to ring their bell or blow their whistle,

as required by the general railroad law, when about to pass a public highway.

It is objected, that the existence of the corporation is not sufficiently alleged in the information; but we think otherwise. They are designated as being " The Vermont Central Railroad Company, a corporation existing under and by force of the laws of this state, duly organized and doing business." The name of the corporation is given, and they are alleged to be *in esse*, " existing under and by virtue of the laws of this state, duly organized and doing business," &c. In the case decided by this court in Washington county, 1853, in which the indictment was held bad, the court considered that there was no sufficient averment that the railroad company was a corporation *in esse*. The allegation there was " a corporation duly chartered and incorporated by the legislature of this state." There was no allegation that the company had ever accepted their charter, or had organized under it. In that case it could not be claimed that there was a direct averment that the corporation was *in esse*. At most, it could only be claimed that it was argumentatively alleged to be a corporation *in esse*.

But a company may be chartered and incorporated by act of the legislature, and yet not be organized, or so far *in esse*, as to subject them to indictment for neglect of a duty imposed upon them by statute. It was no more necessary that the information should state the time and place, and when and where, the defendants became a corporation, than it would be to state the time and the place of the birth of a natural person. A distinct and positive averment of the existence of an artificial person, is usually all that is required.

We think the offence is well charged in the information. The statute requires a bell to be rung, or the whistle blown at the distance of at least eighty rods from the crossing, and the ringing continued until the road or street shall be passed; and the offence consists in an unreasonable neglect or refusal to comply with the requirements of the statute. The allegation is sufficiently positive that the omission or refusal to ring the bell, or blow the whistle, was when the engine was running towards the crossing, and not when passing from it. Though the information does not allege, in the first instance, that the company unreasonably neglected, &c; yet

it does so allege in the concluding part of the information. The duty to ring the bell or blow the whistle, are well charged in the indictment in the disjunctive. The company were not required to do both ; and though, in the breach of this duty, it is alleged the company unreasonably neglected to ring the bell, and unreasonably neglected to blow the whistle, yet this will not vitiate the information. The proof, on trial, would regulate this matter. If we treat this as an assignment in the breach, that the company did not do both, as I think we should ; yet if, upon trial, it should be found that they had done either the one or the other, a verdict should be directed for the defendants. The information then is adjudged sufficient.

The case is continued for the assessment of the fine.