# ALBERT C. CROCKETT

## v.

# VILLAGE OF BARRE.

### January Term, 1894.

*Pleading. Averment that corporation duly organized. Liability of village of Barre for accidents upon its highways. Taxation for that purpose.*

1. In the procedure of this State writ and declaration are so blended that one may be referred to to help out the other.

2. A positive averment of the existence of a corporation is tantamount to an allegation that it was duly organized.

3. So where by the writ the defendant was summoned as "The village of Barre, a corporation existing under the laws of this State," no further averment that the village had voted to accept the provisions of its charter is needed in the declaration.

4. Under the provisions of its charter the village of Barre is liable for injuries sustained upon the highways within its limits to the same extent that towns ordinarily are.

5. It may under its charter levy whatever tax is needed to make compensation for such injuries.

Case for an injury received upon the highway within the limits of the defendant village. Heard upon general demurrer to the declaration at the June term, 1893, Orange county, START, J., presiding. The court *pro forma* overruled the demurrer. The defendant excepts.

*J. W. Gordon and G. W. Wing* for the defendant.

The declaration should allege that the village voted to accept its charter.   I Dill. Mun. Cor. s. 83 ; R. L.  ss. 3052, 3058 ; Acts of 1886, No. 190, s. 13 ; Acts of 1890, No. 17, ss. 1, 3.

Suppose the village properly organized, it is not under its charter liable for injuries sustained upon its highways. It can levy no tax to pay such damages.   Cool. Tax. 132, 277, 279, and notes ; *Comrs. of Highways* v. *Newell*, 80 Ill. 587 ; Connor's Appeal, 103 Pa. St. 356 ; 2 Dill. Mun. Cor. (4th Ed.) ss. 763, 765 ; *Drake* v. *Phillips*, 40 Ill. 388 ; *Will. Co. Sup.* v. *People*, 110 Ill. 511 ; *Rails County Court* v. *United States*, 105 U. S. 733, 737.

The town is still liable as it was before the organization of the village.   2 Dill. Mun. Cor., ss. 728, 997 ; I Dill. Mun. Cor., s. 25 ; *Bates et ux.* v. *Village of Rutland*, 62 Vt. 178 ; *Landon et al.* v. *Village of Rutland*, 41 Vt. 681, 683 ; *Crook* v. *Bradford*, 65 Vt. 513 ; *Daniels* v. *Hathaway*, 65 Vt. 247, 249 ; Acts 1884, No. 12, s. 8 ; *Bennington* v. *Smith et al.*, 29 Vt. 254 ; *Parker* v. *Village of Rutland*, 56 Vt. 224 ; *Campbell* v. *Fairhaven*, 54 Vt. 336.

There can be no implied liability.   I Dill. Mun. Cor., s. 88 ; *Weller* v. *City of Burlington*, 60 Vt. 28 : *Noble* v. *St. Albans*, 56 Vt. 522 ; *Welsh* v. *Village of Rutland*, 56 Vt. 228 ; *Henry* v. *United States*, 112 U. S. 536 ; I Greenl. Ev. s. 80 ; *French* v. *Holt*, 57 Vt. 187 ; *Ex parte Yerger*, 8 *Wall*, 105 ; *Wood* v. *United States*, 16 Pet. 362 ; *State* v. *Stoll*, 17 Wall, 430.

*R. M. Harvey* and *J. K. Darling* for the plaintiff.

The charter of the defendant especially makes it liable and relieves the town from liability.   Acts 1886, No. 190.

To aver that the village existed as a corporation was a sufficient allegation that the act of incorporation had been accepted.   *State* v. *Central Rd. Co.*, 28 Vt. 583 ; I Dill. Mun. Cor., s. 83.

TAFT, J.   This cause was heard upon general demurrer. to the declaration.   The act incorporating the defendant was passed November 24, 1886, to take effect on the third Tuesday in January, 1887, provided a majority of the legal voters of the village voted to accept the provisions of the act.   It is objected that there is no allegation that a majority of the legal voters ever voted to accept the articles of incorporation; a like question as to other conditions of the act is raised.   This point is not well taken.   A distinct and positive averment of the existence of an artificial person is usually all that is required.   *State* v. *Vt. Cen. R. Co.* 28 Vt. 583. The defendant is described as "the village of Barre, a corporation existing under the laws of this State."   The description of the defendant is in the writ, but in our proceedings the writ and declaration are blended in one instrument, are treated and construed as one, and one may be referred to to help out the other. *Church* v. *Westminster*, 45 Vt. 380.   The existence of the corporation is expressly alleged, and is admitted by the demurrer.

The next question presented is this, Is the village of Barre liable to respond in damages for injuries resulting from accidents occasioned by the insufficiency or want of repair of any bridge within its limits.   The statute imposes such liability upon any town in respect to any bridge which the town is liable to keep in repair.   A certain portion of the town of Barre was incorporated as a village by No. 190, Acts 1886, and was made a highway district of the town. The town was prohibited from choosing a surveyor for the village district, and by the act of incorporation all highway taxes raised in the district were required to be paid into the village treasury for the benefit of the streets, bridges, etc., within the village highway district.   It was enacted in s. 6 of the act that said village corporation should "assume and have all the duties and responsibilities as to said streets, highways, bridges, walks, alleys, and lanes as the town of

Barre now has, and the said town of Barre shall be relieved thereof." The duties and responsibilities of the town of Barre by the terms of the act incorporating the village were assumed by and cast upon the village. One's duty is what one is bound or under obligation to do. One's responsibility is its liability, obligation, bounden duty. Soule's Syn. (Ed. 1880) pp. 129, 337. The effect of the act of incorporation was to cast upon the village the liability of the town in regard to its bridges, etc., and as, before the act, the town was liable for damages resulting from accidents upon the bridge, if caused by its negligence, so likewise the village is liable under like circumstances, since the act, for by statute it assumed and has all the duties and responsibilities of the the town, and the town is relieved thereof. It is argued by defendant's counsel that this construction should not be given the act, for that it provides no power authorizing taxation for the payment of damages in such cases. In this we think they are in error. The act expressly gives the village power to assess a tax "for any of the purposes mentioned in this act." There can be no doubt but that one of the purposes mentioned is the liability for damages in such cases. The power to tax for that purpose is not expressly denied, and if what the law requires to be done can only be done through taxation, then taxation is authorized to the extent that may be needed. The power to tax in such cases is not an implied power, but a duty growing out of its liability. *Ralls Co. Ct.* v. *United States*, 105 U. S. 733. The demurrer was properly overruled.

*Judgment affirmed and cause remanded.*