# State of Vermont v. John Edward McDermott, Jr. and Eric Carlton Sallisky

[373 A.2d 510]

No. 67-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

48

*Raymond G. Bolton*, Bennington County State's Attorney, and *Michael O. McShane*, Deputy State's Attorney, Bennington, for Plaintiff.

*Joseph M. O'Neill*, Rutland, for Defendant.

**Billings, J.** This is an appeal from the judgments entered as a result of jury verdicts of guilty in two criminal prosecutions in the District Court of Vermont, Unit No. 1, Bennington Circuit for violation of 13 V.S.A. § 1026(2), disorderly conduct by unreasonable noise.

During the early morning hours of July 6, 1975, a Vermont state policeman was investigating a false report in an area of Crow Hill in Arlington, known as the Sallisky compound. The so-called Sallisky compound is a group of residences occupied by families related by blood or marriage and served by a common access road.

At approximately 3:00 a.m., as he was driving out of the Sallisky compound, the officer observed two men standing on the lawn of a residence in front of and in the headlights of a vehicle with Connecticut registration plates. He was familiar with the area and did not recognize the individuals. He was also aware of incidents of vandalism in the area.

The officer stopped his cruiser, rolled down the window and inquired what the two individuals were doing. The defendants refused to answer the question and responded loudly with obscenities. The officer radioed for assistance and got out of the cruiser to repeat his question as to what the defendants were doing and also requested that they identify themselves, which met with the same response.

A second state policeman soon arrived, the questions were repeated, the responses were the same. The defendants were then arrested. Evidence was introduced that physical force was necessary to effect the handcuffing of the defendants to transport them to the Bennington lockup.

The two defendants were charged by an information with violation of 13 V.S.A. § 1026(2) and 7 V.S.A. § 660, public intoxication. The second charge was dropped by the Bennington County State's Attorney.

The defendants assert that the trial judge should have granted their motion for acquittal or in the alternative granted a new trial. They argue that the state police officers' conduct constituted an illegal stop and seizure because it was without reasonable or probable cause and therefore the subsequent arrest for disorderly conduct must be suppressed as the "fruit" of the impermissible seizure.

■ The so-called "stop and frisk" case, *Terry* v. *Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d. 889 (1968) states the general rule governing stops and seizures. A police officer has the power, consistent with the Fourth Amendment, to stop and question a suspicious person, even without probable cause for arrest. Whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. The applicable standard for evaluating the reasonableness of the police officer's actions is the scope of the intrusion and the circumstances existing at the time of the stop.

The defendants urge that the stop and seizure were unreasonable because they were on private property and because the police officers were not responding to any complaint. Thus, the officer had no right to inquire of them and they had no obligation to respond. They argue that, while their language was perhaps affronting to the officer's sensibilities towards the dignity and authority of his office, it did not justify the stop and seizure from which the arrests arose.

We believe the reasonable view of all the facts was that the officer's inquiry from the cruiser was appropriate and reasonable. It was 3:00 a.m. in a rural residential area where there were previous incidents of vandalism. The police officer, familiar with area residents, observed two individuals, whom he did not recognize, doing something on the lawn of a residence in the illumination of the headlights of a car bearing out-of-state registration plates. The inquiry was appropriate and effective crime detection and prevention.

While good judgment and courtesy might have dictated another course, we concur that the defendants were not obligated to produce identification or explain their presence. *Terry* v. *Ohio, supra,* at 34 (White, J., concurring opinion). However, that refusal under the reasonable circumstances of the initial inquiry might and did promote further inquiries. We also agree that the presence of the armed officers under the circumstance of their repeated inquiries did restrain the defendants' movements to such a degree to constitute a seizure.

It is clear that the defendants' "fruit" of the illegal stop argument fails because the stop and temporary seizure were not constitutionally impermissible. Further, the arrests for disorderly conduct were not the "fruits" of the stop, but rather it was the actions of the defendants during the inquiry which provided an independent basis for arrest. V.R.Cr.P. 3(a).

We do not reach the defendants' third contention that 13 V.S.A. § 1026 is unconstitutionally vague on its face. There are fatal defects in the information and proof.

13 V.S.A. § 1026 is a statute framed in the disjunctive. Its five subsections enumerate specific acts which constitute disorderly conduct if entered into with the intent to cause public inconvenience and annoyance *or* if they recklessly create a risk of public inconvenience and annoyance.

The information charged the defendants in the conjunctive, "... was then and there a person with the intent to cause public inconvenience and annoyance *and* to recklessly create a risk thereof did make unreasonable noise, to wit: shouted obscenities at 3:00 A.M., all in violation of 13 V.S.A. § 1026(2)." (emphasis added).

■ Statutes may define an offense by two or more separate acts or transactions in the disjunctive. The prosecutor must frame his charge in the pleading in such a manner as to meet two

general requirements: to properly give notice of the offense charged and to permit a plea in bar to a subsequent prosecution for one of the several offenses after either acquittal or conviction. Vermont Constitution, Chapter I, Article 10; *State v. Margie*, 119 Vt. 137, 120 A.2d 807 (1956); *The Confiscation Cases*, 87 U.S. (20 Wall.) 92, 22 L.Ed. 320 (1873). The information or indictment may take several forms: conjunctive or disjunctive pleading of separate offenses within single counts, or pleading each offense in a separate count. See V.R.Cr.P. 7, 8.

From an early date in Vermont, disjunctive statutes were charged in the conjunctive where the offenses in the statute were not repugnant and particularly where the penalty for both offenses was the same. *State v. Woodward*, 25 Vt. 616 (1853). Contemporaneously, it was recognized that a conjunctive pleading was regulated by proof at trial and failure to prove both offenses pled in a single count would result in a directed verdict. *State v. Vermont Central R.R.*, 28 Vt. 583 (1856). That case involved a pleading which was found to be disjunctive. The disjunctive pleading likely was not fatal because the offenses were *not* so separate and distinct as to require different evidence in prosecution and defense of them. *State v. Shadroui*, 89 Vt. 520, 96 A. 8 (1915).

■ *State v. Ciocca*, 125 Vt. 64, 209 A.2d 507 (1965) and *State v. Barr*, 126 Vt. 112, 223 A.2d 462 (1966) reiterate the summary survey found in 2 Wharton's *Criminal Procedure* § 291 at 126-27 (12th ed. 1974) that where a statute defines an offense by two or more separate acts, things or transactions in the disjunctive, the whole may be charged in the conjunctive and the accused may be found guilty of any one offense. Absent a statute or rule, (there is none in Vermont) a disjunctive pleading in the words of the statute in one count is fatal *if* the disjunctive renders it uncertain as to which alternative is intended. See V.R.Cr.P. 7(d)(5).

As Mr. Justice Larrow points out in *Woodmansee v. Stoneman*, 133 Vt. 449, 454, 344 A.2d 26 (1975), jury instructions are crucial if there are multiple offenses in one count and a general verdict is rendered because the jury may have found sufficient evidence and proof on only one of the conjunctively charged offenses. This runs afoul of the earlier stated requirement of particularity to permit a plea in bar of possible subsequent prosecution on the offenses.

From the foregoing discussion, it is clear that the following rules apply: a disjunctive statute may be pled in one count if the offenses are not so separate and distinct as to require different evidence, but the better procedure is to plead disjunctive offenses in separate counts; a disjunctive statute may be pled conjunctively, however, in a jury trial, the jury should be instructed that the count contains multiple offenses and that they may find the defendant(s) guilty of any or all offenses within the single count but only if they specify by special verdict as to which offenses are proved; or in the absence of a request for a special verdict, all offenses must be proved in a conjunctive pleading of a disjunctive statute.

While the case at bar fails to meet the pleading requirements set forth above, we reverse on other grounds and enter judgments of acquittal for the defendants. The elements of the two offenses charged are (1) unreasonable noise, intentionally made, to inconvenience or annoy the public; (2) unreasonable noise, recklessly causing a risk of public inconvenience or annoyance. Unreasonable does not mean unnecessary; reasonableness is gauged by the totality of the circumstances at the time the act is committed. Likewise, intent must be viewed in the context of the totality of the circumstances, an inference derived from the essential element of inconvenience or annoyance. *State* v. *Arbeitman*, 131 Vt. 596, 601, 313 A.2d 17 (1973). The State's information not only charged the offenses conjunctively but charged *intent* to recklessly cause a risk of public inconvenience and annoyance. Notwithstanding, that error, from our review of the evidence introduced at trial, we conclude that the State failed to prove all the essential elements of either of the conjunctively pled charges. The State failed to prove intent in the first offense charged. As to the second, the State failed to prove the unreasonableness of the noise or any risk of public inconvenience and annoyance occurring during this incident within the private compound.

*The judgment of guilty is reversed, the sentence is vacated, and judgment of not guilty is entered in each case.*