## State of Vermont v. Randall W. Loso

[559 A.2d 681]

No. 87-357

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed March 17, 1989

*John Churchill, Chittenden County Deputy State's Attorney*, Burlington, and *Gary Kessler, Resource Attorney,* and *Jo-Ann Gross, Law Clerk (On the Brief)*, Montpelier, for Plaintiff-Appellee.

*Blais, Cain, Keller & Fowler, Inc.*, Burlington, for Defendant-Appellant.

**Morse, J.** Randall Loso was tried by jury and convicted of leaving the scene of an accident (LSA). 23 V.S.A. § 1128. On appeal defendant claims that the court erred in permitting the jury to know that he was employed as a police officer, allowing a number of amendments to the information during trial, and giving a copy of a portion of the LSA statute to the jury. We affirm.

While off duty as a patrolman for the Shelburne Police Department, defendant and several fellow employees spent an evening at a restaurant on Williston Road in South Burlington, Vermont. At about midnight, defendant and another officer, Doreen Guthrie, left and drove in separate cars side by side on Williston Road toward Burlington. They were speeding. At the Gaynes shopping center, a car pulled out of the parking lot in defendant's path of travel in the left-hand lane. Defendant swerved to the left, striking the bumper of a taxi going in the opposite direction. It was a glancing blow, and defendant was able to keep his car under control. According to defendant, he turned off Williston Road through a "jug handle," drove to a point where he could see the accident scene, looked and saw no vehicles there, and, after checking the damage, which was slight, drove to a friend's apartment in Burlington as earlier planned. Finding no one home, defendant drove to his brother's house, also in Burlington. Once there, he received a telephone call from a friend informing him that the police were aware of the accident and were looking for him. Defendant then called the police some forty-five minutes after the accident.

The police had learned of the accident and defendant's role in it because a South Burlington officer had stopped Officer Guthrie for speeding, and she told him about it.

I.

*Defendant's Identity as a Police Officer*

■ Defendant moved before and at trial to exclude evidence that he was a police officer on the ground that the jury would hold him to a higher standard of conduct than an ordinary citizen. The motion was denied.

Most of the witnesses in this case were police officers. The case was solved because Officer Guthrie knew the defendant. If the jurors had not been informed of defendant's employment, they would have been free to speculate about his connection to Guth-

rie. Whatever the jurors might have speculated about that relationship coud have been just as damaging as the import of the defendant's occupation on the jury. It also can be argued that jurors tend to give greater credit to a police officer's testimony than to a lay person's. Whether and how the jury's awareness of defendant's occupation affected its deliberations is conjectural, and not a ground for reversal absent a showing of undue prejudice.

A witness's employment is generally admissible as background information. In this case, the information was also relevant to explain how defendant was discovered as being the "hit and run" driver. There was no error in admitting evidence of defendant's employment. See *In re Nash*, 149 Vt. 63, 66, 539 A.2d 989, 991 (1987) (admissibility of evidence is addressed to discretion of trial judge). To guard against any unwarranted inference, the court instructed the jury at the close of the case that "the law imposes no greater or lesser standard for off-duty police officers than it does for any other motorist." This was in keeping with a sound exercise of discretion.[1]

## II.

### Amendments to the Information

■ The information in this case initially charged that defendant

> failed to stop and give his name, residence, license number, and the name of the owner of the motor vehicle to the party whose property was injured, John Nichols, and to a law enforcement official.

This represented only a portion of the offense of LSA as defined in 23 V.S.A. § 1128, which states in part:

> (a) The operator of a motor vehicle who has caused or is involved in an accident resulting in injury to any person or property, other than the vehicle then under his control or its

---

[1] Defendant also claims that the trial court erred by denying his motion for a mistrial after the close of the evidence. Defendant argued that under V.R.E. 104(b) the State was required to, but did not, produce evidence on defendant's motive to leave the scene of the accident, after having claimed that a police officer would be more likely than others to flee the scene of an accident for fear of losing his job. The trial court, however, did not admit the evidence of defendant's employment conditionally under Rule 104(b); rather, it admitted this evidence because it was slightly relevant on the issue of motive.

occupants, shall immediately stop and render any assistance reasonably necessary. He shall give his name, residence, license number and the name of the owner of the motor vehicle to any party whose person or property is injured and to any enforcement officer.

During the course of the trial, the information was amended with permission of the court in the following respects: (1) The alleged owner of the cab, John Nichols, was first changed to "Yellow Cab" and later dropped entirely; (2) the words "immediately and render any assistance reasonably necessary" were placed after "stop."[2] Ownership of the cab had no relevance to the case; it was not an element of the offense, and the amendments concerning it were not prejudicial. As to the amendment pertaining to rendering assistance, we conclude, for several reasons, that this too was not prejudicial.

Defendant argues that the amendment to the information constituted an additional offense in violation of V.R.Cr.P. 7(b) and (d). Rule 7(b) provides that "the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(d) permits amendment of the information during trial "[i]f no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The initial version of the information charged defendant with failing to stop and failing to disclose certain information. The amendment added that defendant failed to render assistance. By joining these separate violations with an "and," the amendment added a third element to the charge.

The purpose of the information is to "reasonably indicate the exact offense the accused is charged with" in order to allow him to prepare intelligently for his defense. *State* v. *Phillips*, 142 Vt. 283, 288, 455 A.2d 325, 328 (1982) (quoting *State* v. *Christman*, 135 Vt. 59, 60, 370 A.2d 624, 625 (1977)). The affidavit of probable cause which accompanied the information informed the defendant that the affiant believed that defendant did not

---

[2] At the charge conference preceding jury instructions, the State moved again to amend the information, to substitute the word "or" for "and" following the word "necessary." The trial court refused to allow this amendment.

immediately stop and render any assistance reasonably nec-
essary [and] . . . did not provide [the taxi driver] with any
applicable information in regard to himself or his vehicle.

Read in conjunction with the affidavit, the information thus
clearly met the test of *Phillips.* See *State* v. *Burclaff,* 138 Vt.
461, 465, 418 A.2d 38, 40 (1980).

Second, the amendment required the State to prove more than
had been required prior to the amendment. The court instructed
the jury that failure to provide both assistance *and* information
were elements that the State was required to prove.[3] The jury was
instructed to acquit defendant if a reasonable doubt existed
about either element. Under the statute, however, failure *either*
to stop and render assistance *or* to give the required information
at a time and in a manner reasonable under the circumstances is
sufficient to convict. *State* v. *Severance,* 120 Vt. 268, 273, 138
A.2d 425, 428 (1958).

Third, defendant prepared a defense pertaining to all of the el-
ements appearing in the amended information. On the one hand,
he argued that he had stopped, looked back and saw no one there
(presumably to show that no assistance was possible); on the
other, he offered the fact that he called the police some time after
the accident (to show that he disclosed the required information).
This was not a case where a defendant is surprised by an addi-
tional charge and is unprepared to present evidence in defense.
Had defendant been charged by the statutory language, as he well
might have been, his defense would not have been any different.

---

[3] The jury was instructed as follows:

The charge of leaving the scene of an accident is broken down into essential
elements or parts. The essential elements of this charge are as follows: That
the defendant at the time and place alleged, operated a motor vehicle and
had actual knowledge that he was involved in an accident which resulted in
injury to property, in this case an automobile, other than the vehicle then
under his control or its occupants, and failed to immediately stop and
render any assistance reasonably necessary, and failed to give his name, res-
idence, license number and the name of the owner of the motor vehicle to
any party whose person or property is injured and to any law enforcement
officer as soon as reasonably possible.

Thus, in order for you to find the defendant guilty, the State must prove
each of these essential elements of the offense beyond a reasonable doubt.
Failure to prove any one of the essential elements beyond a reasonable
doubt requires a verdict of not guilty.

Consequently, we fail to understand how the defendant was disadvantaged by the amendments.

## III.

### Judge-Jury Communication

■ Defendant's final claim faults the court for providing a copy of the LSA statute[4] to the jury, upon the jury's request, without consulting counsel.

Ordinarily counsel should be consulted upon any request or question from a jury. There were no exigent circumstances evident from the record to suggest not following the ordinary practice. Again, however, we fail to see the prejudice to defendant in the present circumstances. In the charge to the jury, the trial judge had already read the statute along with the amended information and an explanation of the elements required to be proved. The handout to the jury was thus a portion of the charge already heard by the jury, and we are not persuaded that the emphasis on the statute accorded by the writing prejudiced the defendant.

*Affirmed.*

---

[4] While the handout to the jury is not in the record, counsel agree it contained all but the sentencing portion of 23 V.S.A. § 1128(a).