# State of Vermont v. Leo P. Verge, Sr.

[564 A.2d 1353]

No. 87-405

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J.
(Ret.), Specially Assigned

Opinion Filed June 16, 1989

Motion for Reargument Denied July 5, 1989

*Philip H. White*, Orleans County State's Attorney, Newport, and *Jo-Ann Gross* and *Robert Katims*, Law Clerks, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Leo Verge was convicted after a jury trial of burglary, 13 V.S.A. § 1201(a), and unlawful mischief, 13 V.S.A. § 3701(b). He raises multiple issues on appeal. We affirm the conviction of burglary, reverse the conviction of unlawful mischief, and remand.

Responding to a silent burglar alarm, police surrounded the American Legion Hall in Newport in the early morning hours of December 7, 1985. Leo Verge, the defendant, was inside. He surrendered when told to come out with his hands up. He explained at the scene he was only looking for a place to sleep. Later, at the police station, he said he had been out for a walk, had heard glass breaking, and had gone inside to investigate. Nothing had been taken, but a window of an entrance door had been broken and an interior door to the bar area had been kicked in.

Defendant had been to the Legion earlier in the evening where he had the opportunity to learn that bingo, involving the receipt of a significant amount of money, was played that night.

# I

## *Mid-trial Amendments to Information*

### A.

#### *Burglary Information*

Defendant was initially charged in the burglary count with wrongfully entering the Legion with the intent to commit both larceny and unlawful mischief. The information specified that defendant intended to steal alcohol and damage the building.

After the close of the evidence, at the State's request, the court struck the reference to alcohol and damage to the building. While defendant's counsel expressed some concern with the amendment, she did not object to it. The State argued to the jury that the facts supported the inference that defendant intended to steal both money and alcohol.

▆ Under V.R.Cr.P. 7(d)(4), the information may be amended during trial "[i]f no additional or different offense is charged and if substantial rights of the defendant are not prejudiced," for any purpose, including curing the defect of an "inclusion of an unnecessary allegation." Here, the portion of the information removed by the amendment was an unnecessary allegation, since the State was not required to specify in the charge what defendant intended to steal when he entered the Legion. Curing this defect was permissible.

Defendant claims that he was unfairly disadvantaged by the amendment, yet we fail to see how. The defense was innocent presence at the scene. According to defendant, he entered the Legion to investigate a break-in, and the amendment did not undermine that theory. If the jury believed defendant's version of the events, it would have acquitted defendant regardless of the import of the amendment. The key charge was that defendant entered the building with intent to commit larceny; defendant was sufficiently on notice of that charge to permit him to prepare intelligently for his defense. See *State v. Phillips*, 142 Vt. 283, 288, 455 A.2d 325, 328 (1982); see also *State v. Loso*, 151 Vt. 262, 264–66, 559 A.2d 681, 683–84 (1989) (mid-trial amendments to information permitted where defendant not disadvantaged thereby).

■ *State v. Woodmansee*, 124 Vt. 387, 390, 205 A.2d 407, 409 (1964), cited by defendant in aid of his claim, is inapposite. There the State was permitted, over objection and after trial commenced, to amend an essential element of a burglary count from an allegation of intent to commit larceny to intent to commit arson. Here, an essential element of the charge was not amended; intent to commit larceny remained intact.

## B.
### *Unlawful Mischief Information*

■ In addition to the burglary charge, defendant was initially charged with intentionally damaging Legion property, the outside door and inside door casings, in an amount not exceeding $250. At trial, a Legion employee valued the damage to both doors at $546.22. Over objection, the State was allowed to amend the allegation of the amount of damage to over $250, which had the effect of raising the potential maximum punishment from six months imprisonment and a $500 fine to one year imprisonment and a $1,000 fine. See 13 V.S.A. § 3701(b), (c). The amendment violated V.R.Cr.P. 7(d), which prohibits an amendment to the information during trial if a different offense is charged. Here, one of the essential elements of the crime of unlawful mischief, the amount of damage, was changed. This amendment was error. See *State v. Bradley*, 145 Vt. 492, 495, 494 A.2d 129, 132 (1985) (fact affecting degree of punishment must be alleged in information); *Woodmansee*, 124 Vt. at 390, 205 A.2d at 410 (mid-trial amendment charging defendant with a different crime held reversible error). We reverse and remand as to the count alleging unlawful mischief.[1]

## II
### *Burglary Instructions*

Defendant was charged with having two intents when he entered the Legion, intent to commit larceny *and* intent to commit unlawful mischief. The burglary statute, however, requires the State to prove only one intent when a building

---

[1] Because of our disposition on this count, we do not reach defendant's claim pertaining to the jury instructions on unlawful mischief.

is wrongfully entered, "intent to commit a felony, petit larceny, simple assault *or* unlawful mischief." 13 V.S.A. § 1201(a) (emphasis added). The court instructed the jury in accordance with the burglary statute, "intent before he entered to commit either larceny *or* unlawful mischief after he entered." (Emphasis added.) The court also told the jury that it had to agree unanimously either that defendant acted with the intent to commit larceny or that he acted with the intent to commit unlawful mischief or both.

Defendant did not object to the instruction on burglary, but argues on appeal that deficiencies in this instruction constitute plain error. Defendant contends that when a statute sets forth offenses in the disjunctive, the information may charge the offenses conjunctively, but the court must then instruct the jury either to specify by special verdict which offense has been proved or to find beyond a reasonable doubt that all offenses have been proved.

In *State v. McDermott*, 135 Vt. 47, 373 A.2d 510 (1977), the information charged a single count of disorderly conduct, wherein defendants were alleged to have "the intent to cause public inconvenience and annoyance *and* to recklessly create a risk thereof ...." *Id.* at 50, 373 A.2d at 513 (emphasis in original). We reversed the conviction for failures in the State's proof, but stated, in dicta, the following:

> a disjunctive statute may be pled conjunctively, however, in a jury trial, the jury should be instructed that the count contains multiple offenses and that they may find the defendant(s) guilty of any or all offenses within the single count but only if they specify by special verdict as to which offenses are proved; or in the absence of a request for a special verdict, all offenses must be proved in a conjunctive pleading of a disjunctive statute.

*Id.* at 52, 373 A.2d at 514.

■■ We now hold that the "rule" announced in *McDermott*[2] is not complete. In addition to the methods listed in that case, the trial court may instruct the jury that it may

---

[2] Because the jury instruction in *McDermott* was not the dispositive issue in that case, the Court did not perform either a plain error or harmless error analysis as required by V.R.Cr.P. 52. Thus the Court never determined that

convict if it achieves unanimity on any version or both versions of the offense charged, unless the defendant requests special verdicts. Here, the defendant did not make any such request, nor did he object to the instruction given. Absent such a request, no error can be predicated on the charge as given.

■ Defendant also argues on appeal that plain error occurred because there was insufficient evidence to support an intent to commit unlawful mischief. We disagree. Viewing the evidence in the light most favorable to the State, *State v. Norton*, 147 Vt. 223, 229, 514 A.2d 1053, 1058 (1986), the evidence supported an inference that the defendant, who entered the Legion after breaking the door-window to gain access, intended to break through any locked interior doors that blocked his way into the bar area. To conclude otherwise is to ignore the significance of defendant's means of gaining entry to the Legion in the first place. The State did not have to prove that defendant intended to break the particular door in question.

## III

### Prosecutor's Final Argument

The State argued to the jury that defendant

> would lie to get out of it, and that's what he did on the witness stand.... He got caught red-handed. Tried to lie his way out of it that night, and has tried to lie his way out of it here in front of the jury.

The State also characterized the defense argument as "a gross misrepresentation" of the testimony. Defendant claims that these remarks went beyond the proper bounds of argument by communicating to the jury the prosecutor's personal belief in defendant's guilt. See *State v. Francis*, 151 Vt. 296, 298–301, 561 A.2d 392, 393–95 (1989); *State v. Ayers*, 148 Vt. 421, 425, 535 A.2d 330, 333 (1987). No objection was made to the State's closing argument.

■ Immediately following the prosecutor's remarks, the court on its own initiative instructed the jury as follows:

the failure to comply with the rule would by itself constitute plain error and be prejudicial to the defendants.

The jury should understand anything the State's Attorney said which you might construe as being his personal opinion, the quality of the statements made by the defendant are not to be considered by you.

That it is his job to gather the evidence together for you and help you to think about. Part of what you have to consider is not his personal opinion, if that's reflected in any way in what was stated today.

He is not a witness in this case, and you cannot consider his opinions in any way as being evidence in the case.

Given the factual record to support an argument that defendant was not truthful and the court's instruction, we do not find plain error.

*Judgment of guilty on the burglary count affirmed; judgment of guilty on the unlawful mischief count reversed and remanded.*