### State of Vermont v. Rene Poutre

[581 A.2d 731]

No. 87-315

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 22, 1990

Motions for Reargument and Stay of Mandate Denied July 11, 1990

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Martin & Paolini,* Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a jury verdict convicting him of embezzlement in violation of 13 V.S.A. § 2531. We affirm.

In June of 1986, defendant was charged with three counts of embezzling insurance policy premiums during his ownership and management of the Raintree Insurance Company. One of those counts was dismissed, but five more were added in November of 1986. Essentially, the counts alleged that defendant had taken premium payments from individuals seeking insurance coverage and failed to pass the payments on to the companies that were to provide the coverage. Five days after the jury trial began in March of 1987, the court granted the State's motion to amend three of the counts to charge that defendant was, in addition to being an agent of the insureds as stated in the original counts, an agent of the insurance companies providing the coverage. On March 21, 1987, the jury convicted defendant on five of the seven counts.

On appeal, defendant claims that the court erred by (1) allowing the State to amend the information during the trial, (2) charging the jury that it need find an agency relationship only between defendant and any one of several principals in order to convict him, (3) failing to enter a judgment of acquittal on one of the counts, and (4) failing to grant defendant a new trial after defense counsel disclosed that during the trial she was negotiating for employment with a law firm that represented two of the State's witnesses. Defendant also contends that his conviction for embezzlement, rather than larceny, constitutes plain error.

I.

Defendant first argues that, by permitting the State to amend three of its counts to allege that defendant was an agent of the insurance companies providing coverage, the court violated the prohibition against changing an essential element of the crime charged. Because defendant agreed to the amended information, he has waived this claim of error.

534

■ Under V.R.Cr.P. 7(d), the court may permit an information to be amended after the trial has commenced "[i]f no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Thus, the court may not permit an amendment of one of the essential elements of a crime when the amendment, in effect, charges an additional offense or increases the potential punishment. See *State v. Verge*, 152 Vt. 93, 95–96, 564 A.2d 1353, 1354–55 (1989) (defense counsel did not object to and failed to show prejudice resulting from midtrial amendment which struck part of language in burglary information; however, amendment of unlawful mischief information, over defense counsel's objection, that increased amount of damage allegedly done to building during break-in was error because it increased potential maximum punishment).

In this case, defense counsel initially objected to the prosecutor's proposed amendment, stating that she had not been able to explore the agency issue when she had cross-examined witnesses representing the insurance companies. The prosecutor argued that the relationships between defendant and the insurance companies had been examined and that, in any case, he would not object to a telephone deposition of those witnesses if defendant sought additional information from them. A week later, when the amendment issue was addressed again, the court pointed out that the State had taken the position that it would have to prove an agency relationship both between defendant and the insureds and between defendant and the insurance companies if the amendment were allowed. Based on that consideration and "the possibility that there might be a double jeopardy issue," defense counsel withdrew her objection to the addition of the insurance companies as principals. The court, however, expressed doubt that the State was obligated to prove an agency relationship between the defendant and both the insured and the insurer; although it had not yet decided what the State's burden would be in this regard, it indicated that it was inclined to rule that the State need prove only one principal so long as the jury was unanimous as to who that principal was. The court then directly asked defense counsel if, given the court's inclination, she was still willing to withdraw her objec-

tion to the State's amended information. Defense counsel responded in the affirmative. Subsequently, at the close of the evidence, the court instructed the jury, without objection from defendant, that the State was required in each count to prove an agency relationship between defendant and the insured or between defendant and the insurance company, but not both.

By withdrawing his objection and agreeing to the amended information, defendant waived his right to a review of the court's ruling on appeal. See *Scanlan v. Hopkins*, 128 Vt. 626, 632, 270 A.2d 352, 356 (1970) (claim of error in jury instructions waived by defense counsel's statement that he was content with supplementary charge); *Schuler v. State*, 668 P.2d 1333, 1339 (Wyo. 1983) (defendant waived his right to attack propriety of amended information when not only did he fail to object to the amendment, but he moved the court to consolidate the two informations); see also *State v. Trombly*, 148 Vt. 293, 304–05, 532 A.2d 963, 970 (1987) (strategic and tactical decisions after consultation with client are exclusive province of attorney), *cert. denied*, 486 U.S. 1029 (1988). Further, defendant has not shown how the amended information created unfair surprise or disadvantaged him, see *State v. Loso*, 151 Vt. 262, 264–67, 559 A.2d 681, 683–84 (1989); therefore, there is no plain error.

II.

Next, defendant maintains that the court's jury instructions denied him a unanimous verdict on the agency element of the embezzlement prosecution because the charge allowed the jury to find an agency relationship between defendant and either the insureds or the insurers. We disagree.

In support of his argument, defendant relies on *State v. Couture*, 146 Vt. 268, 269–72, 502 A.2d 846, 847–49 (1985), where we held that it was plain error for the trial court to give instructions that did not assure the jury's unanimity regarding an essential element of the crime of kidnapping. There, the single count alleged that the defendant had forcibly confined five named persons against their will. The trial court charged the jury that the defendant could be found guilty if they found that

the defendant had forcibly confined "*any one of the five* alleged victims.'" *Id.* at 270, 502 A.2d at 848 (emphasis in original). We reversed and remanded the kidnapping conviction, pointing out that "the court did not divide the information into multiple counts," "did not require special verdicts by the jury, identifying each person unanimously concluded to have been forcibly confined," and did not "explain that unanimity regarding the confinement of each person was required." *Id.* at 271–72, 502 A.2d at 849.

█ *Couture* does not support defendant's argument. Here, the jury was given interrogatories for each of the seven counts, and the court reminded the jury that the answers to each of the interrogatories would have to be unanimous. The first interrogatory of each count asks whether defendant was the agent of "any one of the following" persons or entities listed, and the jury was required to indicate by check mark which, if any, of the listed persons or entities defendant represented. The jury charge and interrogatories in this case assured the unanimous selection of one or all of the named principals; indeed, a review of the interrogatories confirms that the jury unanimously found defendant to be an agent of each of the named principals in all of the amended counts.

### III.

Next, defendant argues that the absence of any evidence suggesting an agency relationship between defendant and the Marinco Insurance Company, the only principal named in count two, compelled the court to enter judgment of acquittal on that count pursuant to his V.R.Cr.P. 29 motion. We conclude that the court did not abuse its discretion in denying the motion; the evidence was sufficient to support the jury's determination that defendant was an agent of Marinco with respect to the transaction described in count two.

█ The evidence concerning count two showed that the Town of Troy contacted defendant to renew its insurance coverage, that defendant informed the Town that he had arranged coverage with Marinco, that the Town sent defendant over

$13,000 to pay for that coverage, and that defendant failed to pay the money to Marinco. In its charge to the jury, to which defendant did not object, the court correctly stated that an agency relationship can be created by law or agreement, and may be temporary and narrow in scope. Moreover, an agency relationship may be implied from the circumstances of a particular situation, and can arise from a single transaction. *Bills v. Wardsboro School Dist.*, 150 Vt. 541, 544, 554 A.2d 673, 675 (1988).

In the instant case, both defendant and the Town were aware of where the $13,000 was to go. Further, defendant violated state statutory law by failing to act as a fiduciary and timely transfer to Marinco the premium payments he received in his capacity as an insurance broker. See 8 V.S.A. § 4724(12). Therefore, the jury could have properly found an implied agency, or an agency by estoppel or operation of law, see *Taylor v. United States Casualty Co.*, 229 S.C. 230, 240, 92 S.E.2d 647, 651–52 (1956). The court did not err by refusing to set aside the verdict and enter judgment of acquittal for count two.

## IV.

Defendant also argues that the court's denial of his motion for a new trial, in which he claimed that defense counsel had failed to disclose that at the time of the trial she was negotiating for employment with a firm representing two prosecution witnesses, denied him his constitutional right to counsel. We disagree.

In June of 1987, a hearing was held on defendant's motion for a new trial, which alleged that defense counsel failed to pursue her defense obligations with proper diligence because of her desire to curry favor with her future employer, a firm representing two prosecution witnesses. Upon conclusion of the hearing, the court found that defense counsel was unaware that her potential employer represented prosecution witness Nancy Dumas, defendant's personal secretary, but was aware that the firm represented prosecution witness David Royea, the buyer of Raintree Insurance. The court also found that defense counsel developed her trial strategy with the concurrence and to the

satisfaction of defendant before she was approached by her potential employer, and that defense counsel and her potential employer never discussed the Poutre trial. Finally, the court found that there was no evidence that defense counsel ineffectively assisted defendant, had divided loyalty, or was motivated by anything other than the best interest of her client.

We agree with the State that the cases cited by defendant in support of his argument are inapposite because they address situations where one attorney had represented codefendants with conflicting interests. In the instant matter, defense counsel represented only defendant; therefore, defendant must show that an actual conflict of interest adversely affected his counsel's performance. See, e.g., *United States v. Horton*, 845 F.2d 1414, 1418 (7th Cir. 1988).

We conclude that the evidence presented by defendant does not constitute such a showing as a matter of law. See *id.* at 1418–20 (defense counsel's position as finalist for Office of United States Attorney during representation of a criminal defendant did not constitute actual conflict of interest); *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir.) (mere proof that a criminal defendant's counsel previously represented a prosecution witness does not establish actual conflict of interest), *cert. denied*, 484 U.S. 863 (1987). The record provides no evidence of inconsistent interests. Defense counsel was not even aware that Nancy Dumas was a client of her future employer. Moreover, despite defendant's contrary contention, David Royea had no financial interest in the outcome of the trial since he was buying the accounts payable and receivable on renewal, and thus would be unaffected by any obligation defendant might have to repay monies that Raintree Insurance owed. Indeed, defendant has failed to show that Mr. Royea was a crucial witness whose cross-examination was central to his defense. Though it is conceivable that an attorney might "pull punches" when cross-examining a client of a future employer, it cannot stand as the basis for a per se rule of actual conflict. See *Horton*, 845 F.2d at 1419–20.

■ Further, even assuming a potential conflict of interest existed, we agree with the trial court that defendant has failed to show that defense counsel's performance lacked diligence or was ineffective. See *id.* at 1420–21; *Myrick v. Maschner*, 799 F.2d 642, 647–48 (10th Cir. 1986). The court did not abuse its discretion in denying defendant's motion for a new trial.

## V.

Lastly, defendant argues for the first time on appeal that he was wrongly convicted of embezzlement since the evidence presented justified at most a larceny charge, in response to which he could have proffered the defense that he had no fraudulent intent to deprive the owners of the monies taken. Specifically, defendant asserts that since he is separate from the corporate entity, Raintree Insurance, he was never in possession of the appropriated funds and cannot be guilty of embezzlement. We reject this argument.

■ The record clearly shows that defendant and Raintree Insurance were one in terms of access to insurance funds. Defendant was the owner of the company and exercised exclusive control over its activities. Under these circumstances, the corporate entity cannot shield defendant from an embezzlement conviction. See *State v. Holdren*, 143 Mont. 103, 112, 387 P.2d 446, 450–51 (1963) (corporate entity that operated agency to collect debts owed to second corporation could not shield entity's president-manager from embezzlement charge for not paying over debts collected; corporate entity may not be used to "defend crime"); see also *State v. Joy*, 149 Vt. 607, 608, 549 A.2d 1033, 1034 (1988) (president of collection agency with exclusive control over agency convicted of embezzlement for failure to forward payments to client). Defendant's references to *State v. Ward*, 151 Vt. 448, 562 A.2d 1040 (1989), and *State v. Rathburn,* 140 Vt. 382, 442 A.2d 452 (1981), are unavailing, inasmuch as the defendants in those cases were employees who took money from their employers. The evidence in this case supports the embezzlement conviction.

*Affirmed.*